COLE, Circuit Judge,
concurring in the judgment.
While I concur in the majority opinion’s result, I do not concur in the majority opinion’s reasoning because I believe it speaks more broadly than the circumstances of this case or the statutory language at issue allow.
Baze seeks to invoke our jurisdiction under either 18 U.S.C. § 3599(f) or the All Writs Act, 28 U.S.C. § 1651. I agree that these two statutes do not give us jurisdiction to grant Baze his desired relief: requiring a state prison to provide access to, and the cooperation of, state prison officials for Baze’s clemency proceedings.
I part with the majority, however, as to their suggestion that § 3599(f) could never be invoked for a non-pecuniary request. After all, the text of that section explicitly separates the authorization and ordering (“the court may authorize the defendant’s attorney to obtain such services”) from the payment (“and, if so authorized, shall order the payment of fees and expenses therefor”), and basic principles of statutory interpretation require us to give meaning to the full text of a statute, see, e.g., United States v. Hill, 79 F.3d 1477, 1482-83 (6th Cir.1996). Parsing this language, the majority seems to interpret “authorize” to mean “permit.” But even such an interpretation — against the backdrop of “a finding that ... services are reasonably necessary for the representation of the defendant,” § 3599(f) — suggests that some types of state interference would frustrate court orders issued under that section: for example, state action that prevents the § 3599-appointed attorney from meeting with the defendant or otherwise consulting with the defendant about services the court found to be “reasonably necessary.”
To be sure, § 3599(f) does not ensure the “total success” (emphasis added) of an investigator, or “establish ] a substantive right for that person to acquire that information over all possible obstacles” (em *347 phasis added), as the majority notes. Yet nothing in § 3599(f) prohibits a federal court from finding, in circumstances such as the examples described above, that state action frustrated the “services” a federal court authorized counsel to obtain. I believe we would have jurisdiction under § 3599(f) to address that case when it arises, and to remedy any such interference.